Per Curiam.

Section 1901.01, Revised Code, establishes, inter alia, the Cleveland Municipal Court. Section 1901.02 confers upon the courts established by Section 1901.01 territorial “jurisdiction ivithin the corporate limits of their respective corporations.” An amendment (effective, June 17,1957, and of no consequence herein) adds to the jurisdiction of the Cleveland Municipal Court “jurisdiction within the corporate limits of the municipality of Bratenahl in Cuyahoga County.” Section 1901.03 defines “territory” to mean “the geographical areas within which Municipal Courts have jurisdiction as provided in Sections 1901.01 and 1901.02 of the Revised Code.” Section 1901.18, defining jurisdiction of the subject matter, provides that “a Municipal Court has original jurisdiction within its territory * * * to enforce the collection of its own judgments * * * and to subject the interest of a judgment debtor in personal property to satisfy judgments enforceable by the Municipal Court.” Section 1901.19 provides that “a Municipal Court has jurisdiction ivithin the, limits of the county or counties in which its territory is situated * * * to enforce the collection *323 of its own judgments * * * and in aid of execution to subject the interest of a judgment debtor in personal property to the payment of a judgment of the court. ’ ’
Thus it is observed that the General Assembly in dealing .with the jurisdiction of the Cleveland Municipal Court to enforce and collect its judgments has territorially limited the exercise of the power granted. Section 1901.19 enlarges its geographical territory from the borders of the municipality of Cleveland to those of Cuyahoga County, but no section grants to the court any power beyond the borders of such county.
It is contended that Sections 1901.13 and 1901.23, Revised Code, confer upon the Cleveland Municipal Court power to issue orders in aid of execution outside Cuyahoga County. Section 1901.13 does not confer territorial jurisdiction. It confers upon Municipal Courts power to issue necessary orders for attachment “for which authority is conferred upon Courts of Common Pleas.” This power is limited, however, by the first clause of the section, “In any action or proceeding of which a Municipal Court has jurisdiction.” That section confers those powers on the Municipal Court to be exercised by the court only within the jurisdiction and venue granted by the General Assembly to that court.
Section 1901.23, Revised Code, permits writs to issue “to the sheriff of any other county against one or more of the remaining defendants.” This simply provides that, where a case is properly brought within a court’s territory against a defendant, another defendant residing out of that territory may be served in the original action. The section does not apply here since the garnishee in this ease was not a defendant in the original action.
For the reasons above stated, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, . Taft, Matthias, Bell, Herbert and Peck, JJ., concur.